**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 17-06841 |
| CHASE MONARCH INTERNATIONAL INC | CHAPTER 11 |
| Debtor(s) | FILED & ENTERED ON 06/10/2018 |

## OPINION & ORDER

Before the court is Debtor's *Motion for Reconsideration of the Opinion and Order entered by the Court on January 24, 2018 [Dkt. No. 91]* [Dkt. No. 115]; and creditor Cherif Medawar's (hereinafter "Medawar") *Opposition to Debtor's Motion for Reconsideration of the Opinion and Order ent5ered by the Court on January 24, 2018 [Docket No. 91]* [Dkt. No. 123]. This controversy stems from the court's Opinion and Order [Dkt. No. 91] which determined that the lease agreement between these two parties was legally binding under state law, legally terminated on October 31, 2017, and was therefore not property of the Debtor's estate pursuant to 11 U.S.C. § 541(b)(2). Debtor requests a reconsideration of the Opinion and Order and/or to alter and/or Amend Judgment and/or for relief from a Judgment or order, pursuant to Federal Rules of Civil Procedure 59(a)(2) and 60(b)(6).[1] Debtor contends that the court erred in its interpretation and/or determination that the notice to cure and the termination notice were valid and complied with the Lease Contract Agreement (hereinafter "Lease") dated September 5, 2017.

---

[1] Fed. R. Civ. P. 59 and 60 are made applicable to bankruptcy cases by Fed. R. Bankr. P. 9023 and 9024, respectively.

-1-

**A. Fed. R. Civ. P. 59(e)**

Fed. R. Civ. P. 59(a)(2) and (e) authorizes the filing of a motion moving the court to alter or amend a judgment within 28 days[2] of entry of said judgment. Because "Rule 59(e) does not state the grounds on which relief may be granted . . . courts have considerable discretion in deciding whether to grant or deny a motion under the rule." In re Nieves Guzman, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

The First Circuit has generally noted four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Nieves Guzman, 567 B.R. at 863 (quoting In re Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The moving party is generally held as having to produce to the court a "'clear conviction of error' or belief that the final judgment was 'dead wrong.' Mere disagreement with how the court weighed the facts or interpreted the case law

---

[2] Fed. R. Bankr. P. 9023 reduces the 28 day requirement to 14 days.

does not constitute a manifest error justifying reconsideration." Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

"A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." In re Nieves Guzman, 567 B.R. at 863 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted). Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting BAC Home Loans Servicing LP v. Grassi, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Federal courts "have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Id. at 607.

**B. Fed. R. Civ. P. 60(b)**

Under a Rule 60(b) motion for reconsideration, a court may relieve a party from a final judgment, order or proceeding only if the moving party can establish within a reasonable time under extraordinary circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. Backlund v. Barnhart, 778 F.2d 1386, 1387 (9th Cir.1985); Twentieth Century–Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted) ("Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances."). Just as in Rule 59, the First Circuit has recognized that "[a] motion for reconsideration does not provide a vehicle for a

-3-

party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2–Zet–Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15–16 (1st Cir.2006).

**C. Legal Analysis**

In sum, counsel in a motion for reconsideration under either Rules 59 or 60 must set forth the following: (1) genuine reasons why the court should revisit its prior order; and (2) compelling facts or law in support of reversing the prior decision. See Frasure v. United States, 256 F.Supp.2d 1180, 1183 (D.Nev.2003). Specifically, Debtor argues that the court failed to consider clause 26 of the Lease, when it determined that the notice to cure and the termination letter given by Medawar complied with said Lease.[3] Debtor goes on to allege that both, the purported notice to cure and the termination letter delivered by counsel, were not delivered to the physical address of Debtor, but instead were delivered only by email. Thus, the delivery was technically defective and in violation of the notice requirement which was a condition precedent to valid termination.

In addition, the court's determination not to consider the Lease under the *rebus sic stantibus* doctrine was in error. The court limited its analysis to the elements established by the Supreme Court of Puerto Rico in the case of Casera Foods Inc. v. E.L.A,108 D.P.R. 850, (1979). That, Debtor contends, was incorrect because under the present fact pattern the case to be applied should have been Banco Popular de Puerto Rico v. The Talavera Estate a/k/a/ Rita Talavera Taylor a/k/a Rita Talavera de Taylor et al., 174 D.P.R. 686 (2008). "When justice requires court intervention

---

[3] Clause 26 of the Lease states as follows: "Communication and notices: All communication and/or notices between the parties shall be made in writing (including electronic mail- "email") to the addresses provided at the bottom of this agreement." This allegation was never made in the responsive motions filed by Debtor which were adjudicated in the court's Opinion and Order [Dkt. No. 91]. That notwithstanding, the court rejects this argument outright as per the requirements under both Rules 59 and 60.

in accordance with the principles of equity and good faith because the basis of the bargain disappears and the consideration of the contract fails, the possibility of moderating the contract goes beyond the subjective and courts are not limited by the criteria developed in Casera for applying the *rebus sic stantibus* clause". Id.

Upon review of Debtor's arguments, the court determines that the evaluation of the evidence demonstrates that no error was committed. Moreover, Debtor has failed to bring new evidence before the court. Debtor has rehashed the same arguments previously brought before the court in its opposition and its sur-reply to the request for order to surrender the premises. Debtor fails to establish any of the required legal factors for reconsideration under Rules 59 and 60 discussed above. After considering the factual and legal arguments brought forth, the court finds that Debtors' motion neither provides the court with genuine reasons why it should revisit the prior Opinion & Order, nor compelling facts or law in support of reversing the prior decision. Granting a motion for reconsideration under Rules 9023 and 9024 is generally viewed with disfavor by the courts, and a regurgitation of the previous arguments now being set forth by Debtor do not provide any reason to justify relief from this court's Opinion & Order [Dkt. No. 91].

The court determines that Debtor is not entitled to reconsideration. As such, Debtor's *Motion for Reconsideration of the Opinion and Order entered by the Court on January 24, 2018 [Dkt. No. 91]* [Dkt. No. 115] is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 10th day of June, 2018.

Brian K. Tester
U.S. Bankruptcy Judge

-5-